**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

KENNITH LUPSON, DANIEL LUPSON,
and ALEXIS CATO,

        Plaintiffs,

v.

MOHAMED BARRE MOHAMED, VIPER
TRANS INC., an Illinois Corporation, and
GENESIS FREIGHT INC., an Illinois
Corporation,

        Defendants.

2:21-cv-255

Civil Action No._____
Honorable _____

## **COMPLAINT**

COME NOW the Plaintiffs, Kennith Lupson, Daniel Lupson and Alexis Cato by and through their legal counsel, Clayton G. Anderson and The Masters Law Firm, lc to hereby complain against Defendants Mohamed Barre Mohamed (hereinafter "Mohamed"), Viper Trans Inc. (hereinafter "Viper Trans") and Genesis Freight Inc. "(hereinafter "Genesis Freight") as follows:

PARTIES

1.     Plaintiff, Kennith Lupson (hereinafter "Kennith Lupson") is and at all relevant times hereto a citizen of West Virginia, residing in South Charleston, Kanawha County.

2.     Plaintiff, Daniel Lupson (hereinafter "Daniel Lupson") is and at all relevant times hereto a citizen of West Virginia, residing in Charleston, Kanawha County.

3.     Plaintiff Alexis Cato, (hereinafter "Alexis Cato") is and at all relevant times hereto a citizen of West Virginia, residing in South Charleston, Kanawha County.

4.     Defendant Mohamed, upon information and belief, is an adult individual who

resides in or near Richfield, Minnesota.

5.     Defendant Viper Trans, upon information and belief, is an Illinois corporation with its principal place of business located at 125 E. Lake St., Suite 104, Bloomingdale, Illinois 60108. Defendant Viper Trans can be served via its registered agent Ljubomir Trkulja, 220 E. Lake St., Suite 300, Addison, Illinois, 60101.

6.     Defendant Genesis Freight, upon information and belief, is an Illinois corporation with its principal place of business located at 1070 Division St., Geneva, Illinois 60134. Defendant Genesis Freight can be served via its registered agent Vedran Cvijetic, 1070 Division St., Geneva, Illinois 60134.

## JURISDICTION AND VENUE

7.     Jurisdiction is appropriate in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. 1332 inasmuch as this is a tort action involving citizens of different states wherein the defendants are not residents of West Virginia and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).   Venue is appropriate in the United States District Court for the Southern District of West Virginia, at Charleston, inasmuch as most material events occurred in or near Cabin Creek, Kanawha County, West Virginia.

## FACTUAL BACKGROUND

8.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

9.     On or about April 26, 2019, at approximately 1:33 p.m., Plaintiff Kennith Lupson was the operator of a 2016 Volkswagen Passat, traveling in a northbound direction, along Interstate Highway 77 (I-77), near mile marker 83.50 in Kanawha County, West Virginia.

10.    On or about the aforesaid date at the aforesaid time, Mohamed B. Mohamed was the operator of a 2013 Volvo commercial semi-tractor, with an attached commercial trailer, owned by Corporate Defendants, traveling in a southbound direction, near mile marker 83.50 on I-77, in Kanawha County, West Virginia.

11.    On or about the aforesaid date, at the aforesaid time and location, Defendant Mohamed was operating a loaded tractor-trailer heading southbound with a Gross Combination Weight Rating ("GCWR") of 80,000 pounds.  Defendant Mohamed was driving under the authority of DOT Number 2086838 issued to Defendant Viper Trans.  Moreover, the tractor operated by Defendant Mohamed was owned by Defendant Viper Trans and the trailer was owned by Defendant Genesis Freight.  Defendant Mohamed had the express authorizations of both Defendants Viper Trans and Genesis Freight to operate said commercial motor vehicle(s) on the time and date at issue.

12.    Defendant Mohamed operated said commercial motor vehicle(s) in such a negligent and reckless manner as to cause it to collide with the median concrete barrier and into the vehicle in which Plaintiff Kennith Lupson, Daniel Lupson and Alexis Cato (hereinafter collectively referred to as "Plaintiffs") occupied.  The collision involved Defendant Mohamed losing control of the commercial vehicle(s) causing him to pass through a concrete barrier and enter completely into the northbound lane of I-77.

13.    After causing said collision, Defendant Mohamed told the investigating officer that he lost control of his vehicle.

14.    Defendant Mohamed was issued a traffic citation by the West Virginia State Police.

15.    Defendant Mohamed was cited with violating W.Va. Code § 17C-6-1(a) for driving too fast for road conditions, citation number 100-2077340.

16.     Defendant Mohamed pled no contest to the citation and paid a fine for the same.

17.     Defendant Mohamed failed to maintain control of his motor vehicle.

18.     The investigating officer placed fault of the subject collision on Defendant Mohamed.

19.     Defendant Mohamed was at fault for causing the subject collision.

20.     Defendant Mohamed was driving at a speed greater than reasonable and prudent.

21.     At all material times herein, Defendant Mohamed was an employee and/or agent of Defendants Viper Trans and/or Genesis Freight and, as such, both of these corporate defendants are vicariously liable for Defendant Mohamed's conduct.

22.     In addition to principles of vicarious liability, Defendants Viper Trans and Genesis Freight, both engaged in separate acts and omissions that caused and/or materially contributed to the incident in question.  These actions and omissions include, but are not necessarily limited to, the following:

a.   Failing to conduct a proper background investigation prior to hiring or engaging Defendant Mohamed;

b.   Failure to provide proper training to Defendant Mohamed;

c.   Failure to provide proper supervision to Defendant Mohamed;

d.   Failure to require Defendant Mohamed to maintain required trip documentation;

e.   Authorizing, encouraging, and/or permitting Defendant Mohamed to exceed maximum distance and hour regulations in violation of federal law;

f.   Failure to monitor Defendant Mohamed's onboard computer data and/or failure to properly respond to suspect data; and

g.   Permitting Defendant Mohamed to operate a commercial motor vehicle while disregarding basic traffic safety laws.

23.     As a direct and proximate result of the aforesaid incident, the Plaintiffs suffered serious and permanent injuries. As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendants, the Plaintiffs sustained serious and permanent physical injuries.

## COUNT I

## NEGLIGENT, RECKLESS, WILLFUL, WANTON AND/OR INTENTIONAL MISCONDUCT

24.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

25.     Defendants, and each of them, owed a duty of care to Plaintiffs to conduct their business activities in a reasonable and prudent manner.

26.     Defendants, and each of them, negligently, recklessly, willfully, wantonly, and/or intentionally breached the duty of care they owed to Plaintiffs.

27.     As a direct and proximate result of the acts and omissions of Defendants as alleged above, Plaintiffs were severely injured and damaged and Plaintiffs incurred the following damages:

a.   Plaintiffs received both temporary and permanent physical injuries to their bodies;

b.   Plaintiffs have suffered and will suffer in the future physical pain and suffering, mental anguish, and diminished physical capacity;

c.   Plaintiffs received medical and doctor care and treatment and has incurred and will incur in the future medical and doctor bills and expenses;

d.   Plaintiffs were caused to be incapacitated, unable to work, lost earning capacity, and lost wages and income and will lose wages and income in the future;

e.   Plaintiffs have lost and will in the future lose enjoyment of life; and

f. Punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from Defendants, and each of them, for punitive and compensatory damages in an amount to be determined by a jury; a trial by jury; attorney fees; the costs and disbursements of this action; pre-judgment and post-judgment interest; and any other future and general relief as the Court deems just and fair.

PLAINTIFFS DEMAND A TRIAL BY JURY.

## COUNT II

## VIOLATION OF STATUTE

28. The preceding paragraphs are incorporated herein by reference as though fully set forth.

29. West Virginia Code § 55-7-9, entitled "Violation of statutes" provides:

Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation by thereby imposed, unless the same be expressly mentioned to be in lieu of such damages.

30. Plaintiffs, and each of them, are a "person injured by [Defendants'] violation of . . . statute" as set forth in West Virginia Code § 55-7-9.

31. Defendants' actions and inactions were in violation of multiple applicable statutes, including but not limited to West Virginia Code § 17C-6-1(a).

32. Defendants' statutory violations proximately caused injuries to Plaintiffs.

33. Plaintiffs are entitled to an award of statutory and common law damages resulting from said violations.

## COUNT III

## TORT OF OUTRAGE

34. The preceding paragraphs are incorporated herein by reference as though fully set

forth.

35.     Defendants' misconduct, as alleged herein, was of such an atrocious, extreme and outrageous nature as to exceed all possible bounds of decency.

36.     Defendants acted recklessly when it was certain or substantially certain severe emotional distress would result from their misconduct.

37.     Defendants' actions have caused Plaintiffs to suffer severe emotional distress.

38.     The emotional distress suffered by Plaintiffs was and is so severe that no reasonable person could be expected to endure it.

39.     As such, Plaintiffs are entitled to an award of damages premised upon the tort of outrage.

**COUNT IV**

**PUNITIVE DAMAGES**

40.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

41.     Defendants' conduct is so reprehensible that punitive damages should be assessed by a jury to punish the Defendants and to deter and prevent similar conduct in the future.

42.     Defendants' actions and inactions were willful, wanton, conscious, reckless, and intentional and demonstrate outrageous indifference to the safety and welfare of Plaintiffs.

43.     As such, Plaintiffs are entitled to an award of punitive damages to the extent permitted by the laws of the State of West Virginia.

44.     As a direct and proximate result of the acts and omissions of Defendants as alleged above, Plaintiffs were severely injured and damaged and Plaintiffs incurred the following damages:

a.  Plaintiffs received both temporary and permanent physical injuries to their bodies;

b.  Plaintiffs have suffered and will suffer in the future physical pain and suffering, mental anguish, and diminished physical capacity;

c.  Plaintiffs received medical and doctor care and treatment and has incurred and will incur in the future medical and doctor bills and expenses;

d.  Plaintiffs were caused to be incapacitated, unable to work, lost earning capacity, and lost wages and income and will lose wages and income in the future;

e.  Plaintiffs have lost and will in the future lose enjoyment of life; and

f.  Punitive damages.

WHEREFORE, the Plaintiffs demand judgment of and from Defendants, and each of them, for punitive and compensatory damages in an amount to be determined by a jury; a trial by jury; attorney fees; the costs and disbursements of this action; pre-judgment and post-judgment interest; and any other future and general relief as the Court deems just and fair.

PLAINTIFFS DEMAND A TRIAL BY JURY.

KENNITH LUPSON, DANIEL LUPSON, and ALEXIS CATO,

By Counsel

/s/ Clayton G. Anderson
Clayton G. Anderson
West Virginia State Bar No. 7315
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
Telephone: (304) 342-3106
Facsimile: (304) 342-3189
CGA@themasterslawfirm.com
F:\1\1453\p001.docx